UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

| | | |
|---|---|---|
| Charles R Miller Jr | 0376 | |
| Yurika Miller | 5769 | |

_____
        NAME                  SOCIAL SECURITY NUMBER        CASE NUMBER

Include here all names used by debtor(s) within the last 6 years if different from above.

       THE ABOVE-NAMED DEBTOR(S) HAVE FILED A CHAPTER 13 PETITION IN THE U. S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF KENTUCKY. IF YOU HAVE NOT RECEIVED NOTICE OF THE FILING, YOU WILL RECEIVE NOTICE WITHIN A FEW DAYS.

**CHAPTER 13 DEBTOR'S PLAN**

(1) The debtor(s) shall pay to the Trustee, out of future earnings or other income, the sum of **$4,000.00** each **month** for 40 months. The debtor(s) submits all or such portion o the future earnings or other income as is necessary for the execution of the plan to the control of the Trustee. 11 U.S.C. §1322(a)(1).

(2) All claims entitled to priority under 11 U.S.C §507 shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claims. 11 U.S.C.§1322(a)(2).

(3) Creditors holding unsecured claims may be divided into two classes. 11 U.S.C.§1322(b):

    Class A:  Class A would consist of creditors holding allowed unsecured claims of $100.00 or less. The claims of such creditors shall be paid in full prior to any payment on unsecured claims in Class B.

    Class B:  Class B would consist of creditors holding allowed unsecured claims for any amount greater than $100.00. The claims of such creditors shall be paid 100%, after payments in full to all secured and priority claims.

(4) Creditors holding allowed unsecured claims shall be paid:

      _X_   In full
      ___   To the extent of __ cents on the dollar.

    No interest accruing after the date of filing of the petition shall be allowed on claims of creditors holding allowed unsecured claims. Unmatured interest shall be rebated in determining the amount of any such claims. 11 U.S.C.§502(b)(2).

(5) The holder of any allowed secured claim provided for by the plan shall retain a lien securing such claims until the amount for which the claim is allowed as secured is paid in full. 11 U.S.C.§1325(a)(5)(B)(i), 1327(c).

(6) The plan hereby provides for the curing or waiving of the following defaults, if any. 11 U.S.C.§1322(b)(3) or 1322(b)(5):

    (1)

    (2)

(7) Each of the following named creditors holds a judicial lien encumbering property of a kind specified in 11 U.S.C.§522(f), which the debtor is entitled to claim as exempt and has claimed exempt in this case. Unless any such creditor files timely objections to confirmation of the plan and the Court, after hearing the objection, finds the debtor may not avoid the lien of such creditor under 11 U.S.C.§522(f), then upon confirmation of the plan, the property encumbered by the judicial lien of any such named creditors shall vest in the debtor, free and clear of any claim or interest of any of said creditors as provided by 11 U.S.C.§1327, and the claims of any such creditors who file claims shall be allowed as unsecured claims and paid on a parity with other allowed unsecured claims:

   (1)

   (2)

(8) The debtor hereby rejects as burdensome the following executory contracts of the debtor. (Give details concerning the other party or parties to the contract and nature of the contract).

Any claim filed by said creditor arising from rejection of such executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the debtor or the Trustee to object to the amount of the claim. 11 U.S.C.§520(g)

Dated: October 16, 2014

/s/ Dawn Logsdon Johnson
Dawn Logsdon Johnson
Attorney for Debtor(s)

/s/ Charles R Miller Jr
Charles R Miller Jr
Debtor

/s/ Yurika Miller
Yurika Miller
Debtor

**SUMMARY OF DEBTS PER CLAIMS FILED:**

PRIORITY..............................................................................................................$      0.00

SECURED OR PARTIALLY SECURED......................................................................$ 384,762.00
(1) Greentree Financing - house and land @ 3004 Bunchberry Ct, Allenwood, GA to be surrendered.
(2) Wells Fargo Bank - house and land # 3004 Bunchberry Ct, Allenwood, GA to be surrendered.
(3) Rent to Own Rentals - shed- to be treated as fully secured at 3% interest.
(4) Toyota Motor Credit - 2014 Toyota 4 Runner - to be treated as fully secured at 3% interest or the contract rate, whichever is less.
(5) Toyota Motor Credit - 2013 Toyota Tundra - to be treated as fully secured at 3% interest or the contract rate, whichever is less.
(6) Wells Fargo Bank - house and land @ 32 Iron Gate Place, Rineyville, KY to be paid outside of the plan.

UNSECURED............................................................................................................$  82,017.00

TOTAL....................................................................................................................$ 466,779.00